REPORTER'S RECORD

VOLUME 1 OF 1 VOLUME

TRIAL COURT CAUSE NO. B13637

THE STATE OF TEXAS ) IN THE DISTRICT COURT
)
vs. ) 198TH JUDICIAL DISTRICT
)
VERNON LEE TRAVIS III ) KERR COUNTY, TEXAS

* * * * * * * * * * * * * * * * * * *

MOTION FOR NEW TRIAL

* * * * * * * * * * * * * * * * * * *

On the 3rd day of July, 2014, the following proceeding came on to be heard in the above-entitled and numbered cause, before the Honorable Stephen B. Ables, Judge Presiding, held in Kerrville, Kerr County, Texas:

**APPEARANCES**

*FOR THE STATE OF TEXAS:*

Mr. Scott F. Monroe
SBOT: 14272700
198TH DISTRICT ATTORNEY'S OFFICE
402 Clearwater Paseo, Suite 500
Kerrville, Texas 78028
Telephone: (830)315-2460

*FOR THE DEFENDANT:*

Mr. Gary Churak
SBOT: 04245500
ATTORNEY AT LAW
14310 Northbrook, Suite 210
San Antonio, Texas 78232
Telephone: (210)491-4443

# INDEX

July 3, 2014: PAGE

Appearances.................................... 2

Proceedings.................................... 4

Court's Ruling................................. 13

Court Reporter's Certificate................... 14

THE COURT: This is Cause B13637, The State of Texas versus Vernon Lee Travis. This case was set today on Defendant's Motion For New Trial. I assume, Mr. Churak, that you substituted in for Mr. Brown?

MR. CHURAK: I have, Your Honor.

THE COURT: And are you ready to proceed on your motion?

MR. CHURAK: We are, Your Honor.

THE COURT: And, Mr. Monroe, is the State ready to proceed?

MR. MONROE: Well, Your Honor, the State has filed a written notice of objection. I just don't want to waive anything. We don't believe that the Motion For New Trial filed raises to the level of the Court needing to conduct a hearing on this. I am prepared to argue that. And if the Court after that decides to proceed on some level, then we can address it at that time.

THE COURT: Did you give Mr. Churak a copy of --

MR. MONROE: I did.

THE COURT: -- objections? So I have State's Objections To Evidence Not Supported By Defendant's Motion For New Trial. Mr. Monroe, I had a chance just to glance at it right before you came

in. Mr. Churak, it appears he is raising the issue of no specifics in the motion and motion is not sworn. Do you want to respond to that, Mr. Churak?

MR. CHURAK: Judge, I believe that a criminal Motion For New Trial does not need to be supported by additional evidence. If we have a hearing on it, we can present the evidence in the court itself on the motion, so that's my position on that.

I was hired last minute. I think I had less than two or three days to file a Motion For New Trial on this case. We just basically got together with the client, put it together. It's my opinion, Judge, that we can present this evidence in the interest of justice in a hearing.

THE COURT: I'm a little concerned that there are no specifics. Down through the years on many occasions we have done Motions For New Trial based on affidavits where the -- if the State was given enough specifics, they could go get an affidavit from the trial counsel or somebody else. I can't tell from the body what is it that you are complaining about.

MR. CHURAK: Yeah. I basically just said ineffective assistance of counsel. I think there is

a couple of issues, Judge. The first is mental condition of the client, whether the attorney took any action on that. Also it's my understanding, I just found out today that my client is on medication. And when he testified at the trial, they actually gave him a double dose of medication, which causes him to be spacy that the deputy gave him while he was up on the stand. I just found that out today.

I asked him when he came in, "Are you on any medication?" He said, "Well, yeah. I take this medication, this medication, this medication." I said, "Well, during the trial when you testified, were you on medication?" He said, "Well, they gave me my pills in the morning, the Zoloft and the Viscerine (ph)." And he said, "Then when I was up there testifying, he gave me two Viscerines (ph)."

"What did that do to you?"

"It made me real spacy. I just went looking up because they never gave me a double dose."

I just found that out today, Judge, so that may be an issue, too.

THE COURT: Are you planning on calling your client?

MR. CHURAK: I plan on calling my client.

THE COURT: Okay. I don't think it's

sufficient, but I'm going to go ahead and have the hearing and let you make your record. We will proceed on that basis.

MR. CHURAK: Thank you, Judge.

THE COURT: What would you like to present?

MR. CHURAK: Pardon?

THE COURT: Would you like to call your client?

MR. CHURAK: Yes. I call Vernon Travis.

THE COURT: Mr. Travis, would you come up here? You are handcuffed, Mr. Travis, so I'm not going to have you raise your right hand.

(The witness was sworn.)

THE COURT: All right. Have a seat, please, and tell us your full name.

THE WITNESS: Vernon Lee Travis III.

THE COURT: Mr. Churak.

MR. MONROE: Your Honor, just to make sure I don't waive it, I object to Mr. Travis testifying. There is specific case law that says there must be a supporting affidavit, especially on the grounds of ineffective assistance of counsel. As the Court well knows, there are certain allegations of ineffective assistance of counsel that have been written on extensively. The State has no notice whatsoever as

to any of this, and so I'm just not wanting to waive the objection. I think it's inappropriate to put Mr. Travis on the stand without having -- he having furnished an affidavit and we object to him testifying.

THE COURT: Did you have a chance to look at the authority that Mr. Monroe cited?

MR. CHURAK: Judge, I got served with it this morning. And actually, Judge, on ineffective assistance, you know, I'm not, at this point in time -- I mean, that's something that potentially could be raised at a later date if additional information is obtained. I'm still investigating, trying to find things out on that. I would like to call Mr. Travis just for the purposes of testifying about the medication he was on that day and whether he was lucid and coherent when he was testifying.

THE COURT: Thank you.

MR. CHURAK: That would serve to the interest of justice.

THE COURT: But how would that be in the area of ineffective assistance unless his counsel is the one that directed somebody to do this?

MR. CHURAK: That's what I'm saying, Judge. At this point in time, I'm -- that's something that I

just found out today. Now, is it ineffective assistance to let the client continue to testify while under the influence of a narcotic drug, I don't know. I would have to research it and look into it, but I would like to at least put something on the record to that. If I have to come back at a later time with a different motion to present ineffective assistance, I would be prepared, in a better position to do it.

I got short notice of this hearing too. Initially we were talking about a hearing around the 15th of July, and Becky called me up and said -- this last week, I think, and said, "Hey, our only date is the 3rd." So I'm kind of short-changed on this too.

MR. MONROE: Well, Your Honor --

THE COURT: I think it's unfair. I'm assuming the State doesn't have a clue what the allegations are going to be since there is nothing set out.

MR. MONROE: The motion has a statement rendered, "Ineffective assistance of counsel." We have no way of preparing for an allegation, and then depending on what the specific allegation is, there are certain prerequisites to even rise to the level

where that can -- if shown, can still be ineffective assistance of counsel. The effect of that at this point, especially based on Mr. Churak's argument about wanting to present evidence on something he just found out today, amounts to amending the motion, which the time requirements have all expired -- and I have case law on that, as well -- to amend this motion. And so the State would renew its objection.

I have two specific cases. They are cited in the brief, but I have them both. One is the case of Jordan versus State, 883 SW 2d, 664. I hand a copy of that to the Court. And the case of King, K-i-n-g, versus State, 29 SW 3d, 556. Both of these are Court of Criminal Appeals cases.

In the Jordan case, if the Court will turn to page 3, and these cases the defense actually filed an affidavit, but the Court said -- and if the Court will look at page 3 in the fourth paragraph, it says, "We further opined," and I'm talking about a previous opinion, "that as a prerequisite to a hearing and as a matter of pleadings, Motions For New Trial must be supported by an affidavit of either the accused or someone else specifically showing the truth of the grounds asserted."

That same following -- holding was made in

the King case. I direct the Court's attention in that case to page 17. And in that case, interestingly enough, again the defendant filed supporting affidavit that basically just contained the statement, "Ineffective assistance of counsel." And in the King case the statement was also made that the judgment was contrary to the law of the evidence, which is the second ground in this motion before you today. And that's on page 17 of 18, if you will see there. And it says, "When the accused presents a Motion For New Trial raising matters not determined from the record," which these would not be able to be determined from the record, "which would entitle him to relief, the trial judge abuses his discretion in failing to hold a hearing. The motion must, however, be supported by affidavit specifically showing the truth of the grounds of attack. Otherwise, general entitlement to a hearing is a legal fishing expedition."

So when you go read the ruling of the Court, they say that the affidavits are not sufficient. In this one we don't even have affidavits. There is another case also supplied in the case Flores versus State. That is 18 SW 3d, 796. If the Court would look on page 4 of 7 under the paragraph marked

"Headnote 3," it says, "Filing affidavits in support of a Motion For New Trial more than 30 days after sentencing is considered an untimely attempt to amend the motion." But it goes on to say, "A Motion For New Trial alleging facts outside the record filed without supporting affidavits is not a proper pleading and is fatally defective. The trial court does not err in refusing to grant a hearing on such motion."

I think the reason for that is obvious, is that there is no notice. There is no way for the State to do this. We are here at the hearing finding out about what the specifics are. I think it's inappropriate, so the State would object to Mr. Travis' testimony.

THE COURT: His authority and arguments seem pretty persuasive, Mr. Churak.

MR. CHURAK: I don't have any response. I just got it today, Judge. If the Court deems that it's inappropriate to have a hearing on this matter, I would like it on the record, though, that there is certain information that I discovered today that may lead to ineffective assistance of counsel that may be subject to a writ at a later date. I just want that on the record.

THE COURT: I'm going to grant your -- or sustain your objection, and so I'm going to deny the Motion For New Trial based on the fact that the motion itself is defective. I'll make a little note on the docket sheet that the Motion For New Trial has been denied. You can get me a brief order --

MR. MONROE: We will do that.

THE COURT: -- that it's been denied.

MR. CHURAK: Thank you, Judge.

(Hearing concluded)

THE STATE OF TEXAS X

COUNTY OF KERR X

I, PAULA BEAVER, Official Court Reporter in and for the 198th District Court of Kerr County, State of Texas, do hereby certify that the foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, admitted, tendered in an offer of proof or offered into evidence.

I further certify that the total cost for the preparation of this Reporter's Record is $___84.00______and was paid/will be paid by ____Kerr County_______.

WITNESS MY OFFICIAL HAND this the_17th__day of March_______, A.D., 2015.

/s/Paula Beaver___
PAULA BEAVER,Texas CSR 3593
Expiration Date: 12/31/16
Certified Shorthand Reporter
198th District Court
P.O. Box 233
Comfort, Texas 78013